IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


SHARMON RESTER                                                              PLAINTIFF


v.                                         Case No. 1:15-cv-1052


CITY OF EL DORADO, an incorporated
Body through Mayor Frank Hash in his
Official Capacity as Mayor and the City Council
In their Individual Official Capacity as the City
Council of El Dorado[1]                                                    DEFENDANT


## MEMORANDUM OPINION

Before the Court is Defendant's Motion for Summary Judgment.  ECF No. 38.  Plaintiff

has responded.  ECF No. 42.  Defendant has filed a reply.  ECF No. 44.  The Court finds this

matter ripe for its consideration.

## BACKGROUND

On August 7, 2015, Plaintiff Sharmon Rester filed this action seeking a declaratory

judgment and preliminary and permanent injunctive relief against Defendant, the City of El

Dorado.[2]  Plaintiff claims that Defendant violated his due process and equal protection rights

under the Fifth and Fourteenth Amendments to the United States Constitution.  (ECF No. 1, ¶

11).[3]  These claims, however, have been narrowed so that Plaintiff is currently alleging only a

procedural due process claim under the Fourteenth Amendment.  ECF No. 34, p. 3.

This case involves two properties located at 304-308 Robinson Street and 1005 Pecan

Street in El Dorado, Arkansas.  Plaintiff is the owner of the Pecan Street property.  On August

---

[1]  In a previous order, the Court clarified that the only Defendant in this case is the City of El Dorado.  ECF  No. 34,
pp. 3-4.
[2]  Although the complaint states that Plaintiff is seeking money damages, his Pretrial Disclosure Sheet suggests that
he is only seeking a declaratory judgment and/or injunctive relief.  ECF No. 36, p. 2.
[3]  The Court and Defendant have assumed that Plaintiff makes claims against the City pursuant to 42 U.S.C. § 1983,
although the Complaint does not mention this statute.

15, 2013, Defendant's Code Enforcement Officer, Kirby Craig, sent a certified letter to Plaintiff stating that a structure on the Pecan Street property was found to be a "fire/health hazard unsafe and/or a public nuisance." ECF No. 38-2, p. 4. The letter further stated that the "building [was] in immediate need of repair and maintenance" and that Plaintiff had thirty days "to make the building . . . habitable, secure, structurally sound, and brought up to the current Codes that shall apply, or remove [the building] and clean up all the debris from the premises." ECF No. 38-2, p. 4. The letter informed Plaintiff that "[i]f action [was] not taken the matter [would be] turned over to the City Council of El Dorado for Condemnation." ECF No. 38-2, p. 4. Plaintiff's wife signed for the letter on August 15, 2013. Plaintiff, however, maintains that he never saw the letter.

On October 24, 2013, the City Council passed a resolution condemning the Pecan Street structure based on its deficiencies. ECF No. 38-2, p. 6. Plaintiff received actual notice of this resolution via mail, ECF No. 38-1 pp. 14-15, 18-19. Additionally, notice was posted on the structure located on the Pecan Street property and published in the local newspaper. ECF No. 38-2, ¶. 5. After Plaintiff received notice of the resolution, he spoke to Kirby Craig about working to improve the property. After this conversation, at least one year passed without Plaintiff taking any action to "fix" the property. ECF No. 38-2, ¶ 6. Defendant then razed the structure located on the Pecan Street property. On June 1, 2015, Plaintiff entered into an agreement with Defendant to pay for half of the costs Defendant incurred in demolishing the structure.

On August 7, 2015, Plaintiff filed the current lawsuit alleging that his Fourteenth Amendment rights were violated by Defendant because he "was not afforded an opportunity to be heard . . . or [given] notice for [the] actions of condemnation and the subsequent demolition of

[his] property." ECF No. 1, ¶ 11. Defendant, however, argues that it is entitled to summary judgment regarding the Pecan Street property.

At some point during this litigation, Plaintiff indicated that he was also making a procedural due process claim regarding a second property located at 304-308 Robinson Street. The Robinson Street property is titled in the name of Lois Bailey, who is Plaintiff's mother. On February 6, 2014, a certified letter was sent to Bailey notifying her that a structure located on the Robinson Street property had been found to be a "fire/health hazard, deemed unsafe and/or a public nuisance due to abandonment or neglect." ECF No. 38-2, p. 18. The letter further stated that if the unsafe conditions regarding the structure were not abated, the matter would be submitted to the City Council for condemnation proceedings. The letter, however, was returned "unclaimed." ECF No. 38-2, p. 19.

The Robinson Street property was condemned by the City Council via a resolution passed on June 17, 2014. The resolution was posted on the structures located at 304-308 Robinson Street, and notice of the resolution was published in a local newspaper. Bailey is not a party to the present lawsuit, and the City has not razed any structure located on the Robinson Street property. Plaintiff argues that his procedural due process rights were violated because the property was condemned without affording him notice of the condemnation proceedings and an opportunity to be heard. Defendant, however, argues that Plaintiff's claim regarding this property should be dismissed because Plaintiff is not the legal owner of the Robinson Street property and does not have standing to bring a claim regarding this property.

## DISCUSSION

The Court will first address the preliminary issue of whether Plaintiff has standing to bring his procedural due process claim regarding the Robinson Street property. The Court will

then address Defendant's argument that it is entitled to summary judgment regarding the Pecan Street property.

>    A.  Standing

The complaint does not refer to any specific property at issue.   Instead, the complaint refers generically to "Plaintiff's property."    During discovery, Plaintiff clarified that two El Dorado, Arkansas properties are at issue in this case:   1005 Pecan Street and 304-308 Robinson Street.  Defendant asserts that Plaintiff lacks standing to bring claims regarding 304-308 Robinson Street because he does not own this property.

Standing is "assessed under the facts existing when the complaint is filed."  *Lujan v. Defenders of Wildlife*, 504 U.S. 560, 569 n. 4 (1992).  The Supreme Court has recognized three requirements of Article III standing:

> First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*United States v. Hays*, 515 U.S. 737, 742-43 (1995) (quoting *Lujan*, 504 U.S. at 560-61).  For injunctions, an additional inquiry is required, namely that Plaintiff show that he is likely to suffer future injury by Defendant and that the sought-after relief will prevent that future injury.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." (internal quote omitted)); *see also Pederson v. Louisiana State Univ.*, 213 F.3d 858, 869 (5th Cir. 2000).

Generally, Plaintiff must assert his own legal rights and interests and "cannot rest a claim to relief on the legal rights or interests of third parties." *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 474-75 (1982) (citing *Warth v.*

*Seldin*, 422 U.S. 490, 499 (1975)).  This principle is based on the assumption that "third parties themselves usually will be the best proponents of their own rights."  *Singleton v. Wulff*, 428 U.S. 106, 114 (1976) (plurality opinion).  Because Defendant has challenged Plaintiff's standing, Plaintiff must demonstrate that he has standing by a preponderance of the evidence.  *See Lujan*, 504 U.S. at 561.

There is no dispute that the Robinson Street property is titled in the name of Lois Bailey, who is Plaintiff's mother.  The Union County, Arkansas property records list Lois Bailey as owner.  Plaintiff, however, contends that he has standing to bring the claims regarding 304-308 Robinson Street because he "takes care of the property" and "his mother purchased this property with the intent of Plaintiff having control, both legally and physical(ly)."  ECF No. 42.  Lois Bailey claims that Plaintiff has "expressed his intention to change the registration to his name but has not been able to do so."  ECF No. 42-1, p. 2.

Although it appears that Plaintiff expects to have a legal interest in the Robinson Street property at some point in the future, there is nothing in the record to indicate when or if the deed of the property will be transferred to Plaintiff.  Plaintiff is not the present legal owner of the property, and he has not shown that he is likely to suffer future injury by Defendant.  Plaintiff does not point the Court to any injury he has suffered or is likely to suffer in the future because of Defendant's present or future conduct.  Thus, he has suffered no injury in fact.  Accordingly, Plaintiff does not have standing to bring this lawsuit regarding the Robinson Street property.[4]

---

[4] Although Plaintiff does not explicitly make this argument, Plaintiff could be implying that he has third-party standing to assert Lois Bailey's claims regarding the Robinson Street property.  "Third-party standing is an exception to the general rule that a plaintiff may only assert his own injury in fact and permits a litigant who lacks a legal claim to assert the rights of third parties."  *Hodak v. City of St. Peters,* 535 F.3d 899, 904 (8th Cir. 2008).  To invoke this "narrow" exception, Plaintiff must show that he suffered an injury in fact, that he enjoys a close relationship to Lois Bailey, and that she is "hindered in [her] ability to protect [her] own interests."  *Id*.  Plaintiff has not pointed to anything in the record that would suggest that he has or will suffer an injury in fact or that Lois Bailey is hindered in her ability to protect her own interests.  In fact, Plaintiff states that Lois Bailey is competent to handle

B.  Summary Judgment

Turning now to the merits of Plaintiff's Fourteenth Amendment procedural due process claim regarding the Pecan Street property, Defendant argues that it is entitled to summary judgment.   A motion for summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  To establish that a genuine issue of material fact exists, the nonmoving party must show that (1) there is a factual dispute, (2) the disputed fact is material to the outcome of the case, and (3) the dispute is genuine.  *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).  A dispute is genuine only if a reasonable jury could return a verdict for either party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts.  *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004) (citation omitted).

A procedural due process claim must meet two elements to be proven. First, Plaintiff must establish that the state deprived him of "some life, liberty, or property interest." *Krentz v. Robertson Fire Prot. Dist.*, 228 F.3d 897, 902 (8th Cir. 2000) (internal quotation marks omitted). Then, Plaintiff must "establish that the state deprived him of that interest without sufficient process." *Id.* (internal quotation omitted).  Defendant asserts that it is entitled to summary judgment because Plaintiff has waived his procedural due process claim by failing to exhaust state remedies. Plaintiff responds that there is no state remedy available to Plaintiff and thus exhaustion is not required.

---

her own legal affairs.  ECF No. 38-1, p. 35.  Thus, Plaintiff would not have third-party standing to assert the claims for Lois Bailey.

A procedural due process claim "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990).  A plaintiff must exhaust all state remedies available to him before bringing a § 1983 claim, including judicial remedies. *See Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000); *Corder v. City of Sherwood*, 579 F. Supp. 1042 (E.D. Ark. 1984).  A plaintiff "cannot complain of a violation of due process when he has not availed himself of existing procedures." *Anderson v. Douglas Cty.*, 4 F.3d 574, 578 (8th Cir. 1993); *See Roy v. City of Little Rock*, 902 F. Supp. 871, 874 (E. D. Ark. 1995) ("[I]t appears that plaintiffs have waived their procedural due process claim, given that they declined to exercise their statutory right to appeal the city's [Historic District] Commission's denial of their application [for a demolition permit].").

Under Arkansas Code Annotated § 14-56-425 and Arkansas District Court Rule 9(f), a party may appeal a final decision of a municipal body within thirty days of the council's decision to an Arkansas Circuit Court.  *Ingram v. City of Pine Bluff*, 133 S.W.3d 382 (Ark. 2003). Defendant argues that because Plaintiff did not take advantage of this state remedy, he has waived his procedural due process claim.  Plaintiff, however, summarily asserts that exhaustion is not required and that Arkansas Code Annotated § 14-56-425 "has no relevance to the issues presented in this case."  ECF No. 42, p. 6.

Plaintiff does not cite any authority to support his conclusory argument that Arkansas Code Annotated § 14-56-425 does not apply here.  The statute provides that appeals from final action of administrative and quasi-judicial agencies concerned with municipal building and zoning regulations may be taken to the circuit court of the appropriate county "using the same procedure as for administrative appeals of the District Court Rules of the Supreme Court."  Ark. Code Ann. §14-56-425.  That procedure is found in Rule 9 of the District Court Rules and allows

thirty days for taking an appeal.  The Court is unaware of any reason why Arkansas Code Annotated § 14-56-425 would not apply to the City Council's resolution condemning Plaintiff's property.

Plaintiff admits that he received actual notice by mail that on October 24, 2013, the City Council passed a resolution condemning the Pecan Street property.[5]  ECF No. 38-1, pp. 18-21; ECF No. 42-2, p. 2.  It is undisputed that Plaintiff received notice of the condemnation resolution shortly after the resolution was passed.  ECF No. 38-1, p. 19.  Plaintiff subsequently contacted a City Council member and Code Enforcement Officer, Kirby Craig, regarding the condemned property.  ECF No. 38-1, pp. 19-22, ECF No. 38-2, ¶ 6.  Plaintiff, however, admits that he did not attempt to appeal the decision of the City Council.  ECF No. 38-1, pp. 22-23.

"The fundamental requirement of due process is the *opportunity* to be heard at a meaningful time and in a meaningful manner."  *Hroch v. City of Omaha*, 4 F.3d 693, 696 (8th Cir. 1993) (internal quotation marks omitted) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).  Plaintiff had that opportunity but failed to take advantage of it.  Thus, the Court concludes that summary judgment for Defendant should be granted regarding the Pecan Street property.  *See Duvall v. City of Rogers, Ark.*, No. Civ. 05-5001, 2005 WL 3784932, at *4 (W.D. Ark. Dec. 20, 2005) (concluding that a landowner was not entitled to relief on her procedural due process claim because she received actual notice of the city's condemnation decision and failed to appeal the decision to circuit court).

## CONCLUSION

For the reasons stated herein, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 38) should be and hereby is **GRANTED**.  Plaintiff's procedural due process

---

[5] The City Council's resolution condemning the Pecan Street property was also posted at the property and published in the local newspaper beginning on October 31, 2013.

claim as to the Pecan Street property is dismissed.  Further, the Court concludes that Plaintiff does not have standing to bring a claim regarding the Robinson Street property, and any claim regarding this property is also dismissed.  A Judgment of even date consistent with this opinion shall issue.

**IT IS SO ORDERED**, this 11th day of January, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge